UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DARYL MINGO,

    Petitioner,

v.                                         CASE NO. 6:06-cv-956-Orl-31KRS

WARDEN J. WITT, et al.,

    Respondents.

## **ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a timely response (Doc. No. 8) to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts*. Despite having been given the opportunity to do so (Doc. No. 10), Petitioner did not file a reply to the response.

### *Procedural History*

Petitioner was charged by information with one count of possession of cocaine and one count of escape. A motion to suppress the contraband was filed. After conducting an evidentiary hearing, the state trial court denied the motion. Petitioner then entered a plea of nolo contendere, but reserved the right to appeal the denial of his motion to suppress. Counsel filed a notice of appeal and an *Anders* brief. Petitioner then filed a *pro se* supplemental brief raising the suppression issue. The Florida Fifth District Court of Appeal *per curiam* affirmed.

Petitioner also filed a petition for belated appeal arguing that appellate counsel denied him a fair direct appeal. The appellate court denied the petition.

*Claim One*

Petitioner alleges that he was the subject of an unreasonable search and seizure of his vehicle. (Doc. No. 1 at 6.) According to Petitioner, he was stopped for a traffic violation. The officer who stopped him stated that he observed an unknown powder substance in a small, yellow baggie in plain-view in the ashtray. (Doc. No. 2 at 1.) Petitioner argues that the officer "did not inadvertently see this unknown white powder substance in a small yellow baggie, in plain-view as in being in the course of a search prior to seeing the unknown white powder substance." *Id*. at 2. Petitioner appears to argue that it was not readily apparent that the substance was an illegal substance; therefore, the officer needed probable cause and a search warrant to search the vehicle and obtain the baggie. Thus, Petitioner argues, the officer's entry into the vehicle to retrieve the baggie was unlawful and illegal. *Id*. at 1-4. Petitioner unsuccessfully challenged the legality of the search in the trial court and, through his *pro se* brief, on direct appeal.

To the extent that Petitioner's claim is premised on a violation of Florida law, the claim is not cognizable on federal habeas corpus review. Pursuant to 28 U.S.C. § 2254, a state prisoner is entitled to federal habeas corpus relief only if he is held in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). As noted by the United States Supreme Court, a mere error of state law does not constitute a denial of due process. *Estelle v. McGuire*, 502 U.S. 62, 67-69 (1991); *see also Jamerson v. Secretary for Dept. Of Corrections*, 410 F.3d 682, 688 (11th Cir. 2005) ("Federal habeas relief is unavailable for errors of state law.") (quotation omitted). Therefore, to the extent this claim relies on state law, it must be denied.

To the extent that the claim raises a challenge under the Fourth Amendment of the United States Constitution, the claim is not subject to federal habeas review. The Supreme Court in *Stone*

*v. Powell,* 428 U.S. 465 (1976), determined that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 494 (footnotes omitted). This rule applies to convictions whether based upon a guilty plea or a jury's verdict. *See Stanley v. Wainwright*, 604 F.2d 379, 381 (5th Cir. 1979).[1]

In order to be entitled to federal habeas review of a Fourth Amendment claim, the petitioner must demonstrate that he "was denied an opportunity for a full and fair litigation of that claim at trial and on direct review." *Stone,* 428 U.S. at 495 n.37; *Mincey v. Head*, 206 F.3d 1106, 1125-26 (11th Cir. 2000), *cert. denied*, 121 S. Ct. 1369 (2001). In applying *Stone*, the Eleventh Circuit has interpreted "full and fair consideration" as follows: "For a claim to be fully and fairly considered by the state court, where there are facts in dispute, full and fair consideration requires consideration by the fact-finding court, and at least the availability of meaningful appellate review by a higher state court." *Tukes v. Dugger*, 911 F.2d 508, 513-14 (11th Cir. 1990). Federal courts will not consider the merits of Fourth Amendment cases merely because the state courts erred in their Fourth Amendment analysis. *See Swicegood v. State of Ala.*, 577 F.2d 1322, 1324 (5th Cir. 1978).

Petitioner has failed to demonstrate that the hearing conducted by the trial court on his motion to suppress and the appellate court's consideration on appeal denied him an opportunity for a full and fair litigation of his Fourth Amendment claim. The Court determines that Petitioner was afforded a full and fair opportunity to litigate and have adjudicated this claim in the state courts, and

---

[1]Decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981, are binding as precedent on the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

he should not be permitted to further relitigate the same issue. *See Harris v. Dugger,* 874 F.2d 756, 761 (11th Cir.), *cert. denied,* 493 U.S. 1011 (1989) (federal habeas petitioner, who had fully and fairly litigated his *Franks* claim in the state courts of Florida, was precluded from federal habeas review of this claim); *Boggs v. Bair,* 892 F.2d 1193, 1200 (4th Cir. 1989), *cert. denied,* 495 U.S. 940 (1990) (federal habeas petitioner "was afforded every full and fair opportunity to litigate and have adjudicated the Fourth Amendment claim with respect to the search of his vehicle and . . . he should not be permitted to further relitigate the same . . . ."). This claim must be denied.

***Claim Two***

Petitioner next argues that appellate counsel "was ineffective for filing a [sic] *Anders*[2] brief." (Doc. No. 2 at 4.) Petitioner states that his appellate counsel filed an *Anders* brief "citing that the unreasonable search and seizure had constitutional muster, but due to [the fact that] she felt [he] gave 'consent' she could not argue any facts of the case." *Id.* According to Petitioner, consent was a fact to be determined by the court, not by appellate counsel, and her statement regarding his consent caused him prejudice.

It is well established that a defendant has the right to effective counsel on appeal. *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir.), *cert. denied*, 469 U.S. 956 (1984). The Eleventh Circuit Court of Appeals has applied the United States Supreme Court's test for ineffective assistance at trial to guide its analysis of ineffective assistance of appellate counsel claims. *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991), *cert. denied*, 502 U.S. 1077 (1992); *Matire v. Wainwright*, 811 F.2d 1430, 1435 (11th Cir. 1987). Thus, in order to establish ineffective assistance

---

[2]In *Anders v. California*, 386 U.S. 738 (1967), the United States Supreme Court established a procedure for appellate counsel when counsel believes that there is no merit to the appeal.

of appellate counsel, Petitioner must show (1) that counsel's performance was deficient and "fell below an objective standard of reasonableness" and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

"The filing of an *Anders* brief does not in itself constitute ineffective assistance of counsel." *Jorge v. United States*, 818 F. Supp. 55, 57 (S.D.N.Y. 1993). Petitioner simply has not shown that appellate counsel's filing of an *Anders* brief rendered his performance inadequate. Indeed, appellate counsel "had a duty to file an *Anders* brief if [s]he believed that there were no meritorious issues to be argued on appeal." *Thompson v. Kelly*, No. 90 Civ. 3027 (JFK), 1992 WL 8181, at *2 (S.D.N.Y. January 13, 1992). Petitioner has made no showing that appellate counsel's performance was in any manner deficient. Moreover, Petitioner has not demonstrated that he was prejudiced. The issue that Petitioner contends should have been raised by counsel was presented in his *pro se* brief to the appellate court, which rejected the argument. There has been no showing of either deficient performance or prejudice regarding Petitioner's appellate counsel.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Daryl Mingo is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this 20th day of February, 2007.

Copies to:
sa 2/20
Counsel of Record
Daryl Mingo

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE